IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO. 23-CR-138 (RBW) |
| | : | |
| | : | |
| RICHARD COOK. | : | |

**DEFENDANT'S MOTION TO SUPRESS STATEMENT**

Defendant Richard Cook, through his counsel, files this motion to suppress his statement to the FBI and states the following in support:

I.  Procedural Background

In January , 2021, Mr. Cook traveled to Washington, D.C. by himself to hear President Trump speak on January 6th, 2021. After the speech, he eventually followed the crowd to the Capitol grounds. Mr. Cook made his way into the tunnel area of Capitol, but never went inside. After the event, he went home. He did not post anything on social media. He was later arrested pursuant to an arrest warrant on in Florida in 2023. As this Court knows, he made his initial appearance in this Court where he was represented by a different lawyer who later withdrew due to conflict of interest. However, before that withdrawal, Mr. Cook entered a plea of not guilty to the indictment charging him with one felony count of civil disorder and various misdemeanors related to his activities on January 6. He was released

1

him on his own personal recognizance and has been in perfect compliance since that time.

Mr. Cook was improperly induced to make certain statements to law enforcement when on his own, without the assistance of counsel and without being mirandized, he gave the FBI a rundown of the events of January 6, 2021.

Mr. Cook moves to suppress all statements made by him to officers and agents. The basis for suppression is 1. Non-compliance with the requirements of warning of constitutional rights when Mr. Cook was clearly a target of the investigation and 2. the presence of a coercive atmosphere created by police custody and interrogation which resulted in undermining the privilege against compelled self-incrimination.

To safeguard the Fifth Amendment's protection against self-incrimination, law enforcement agents are required to warn a suspect in custody – prior to questioning – that he "has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda v. Arizona,* 384 U.S. 436, 479 (1966). Absent a valid waiver of these rights, agents may not pose any questions to the suspect that are designed to elicit incriminatory admissions. *Pennsylvania v. Muniz*, 496 U.S. 582, 601-02 & n. 14 (1990).

Mr. Cook gave a complete statement that was surreptitiously tape recorded. Undersigned counsel has not yet received this recording from the government and will supplement this motion when that recording is made available on USAFX.

Respectfully submitted,

/s/ Kira Anne West
Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C.  20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Mr. Cook

Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 23rd day of February, 2024.
/s/  Kira A. West
Kira Anne West